UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

SELMA JUANITA LEE )
a/k/a JANIE LEE, ) Civil No. 10-125-GFVT
 )
    Plaintiff, )
 ) **MEMORANDUM OPINION**
V. ) **&**
 ) **ORDER**
MICHAEL ASTRUE, Commissioner )
of Social Security )
 )
    Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiff, Selma Lee, brought this action, *pro se*, pursuant to 42 U.S.C. §§ 405(g), 1383(c) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying Lee's application for Wife's Insurance Benefits ("WIB"). For the reasons set forth herein, the Court will deny Plaintiff's Motion for Summary Judgment [R. 17] and grant the Defendant Commissioner's Motion for Summary Judgment [R. 18].

**I.**

Lee filed an application for wife's insurance benefits on March 8, 2007. [Transcript ("Tr.") 16]. She alleges that she had a common law marriage with Thomas Kendrick, who is allegedly receiving social security income, and that she should be entitled to benefits as a result. [Tr. 53]. Lee's application was denied initially and upon reconsideration. [Tr. 16]. At her request, an administrative hearing was conducted before Administrative Law Judge Joan A.

1

Lawrence on March 21, 2008.  [Tr. 16, 49-70].  During the hearing, the ALJ heard testimony from Lee, who was forty-seven (47) years old at that time. Judge Lawrence denied Lee's claim on the grounds that she was not the legal spouse of Thomas Kendrick at the time of her application.

## II.

This Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision.  42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987).  "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court."  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations.  *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993);

*Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen*, 800 F.2d at 545.

### III.

Lee's argument is essentially a challenge only to the legal adequacy of Judge Lawrence's decision as there is no contention by Lee that her marriage with Kendrick was anything other than a "common law marriage." [Tr. 59]. Lee challenges the finding on two grounds. First, she challenges the ruling that her marriage is not recognized as a marriage under relevant law. Second, she challenges her treatment as being unconstitutional with an argument sounding in the Equal Protection Clause of the Fourteenth Amendment. Both arguments are lacking.

### A.

Under 42 U.S.C.§§ 402(b), 416(b), 416(h), a person is only entitled to WIB if they satisfy a number of conditions, one of which is meeting the statutory definition of "wife, husband, widow, or widower." An applicant meets the definition of "wife" if they are considered married to the insured in "the courts of the State in which such insured individual is domiciled at the time such applicant files an application." 42 U.S.C. § 416(h)(1)(A)(i). There is no indication in the record that either Kendrick or Lee was ever domiciled in any state other than Kentucky. Both were living in Kentucky at the time their child was born in 1994 and during the brief time in which they lived together in 1998. [Tr. 57]. Kendrick and Lee never lived together after 1998. Furthermore, the Social Security Administration Office provided notice to Lee that it had concluded that Kendrick was domiciled in Kentucky at the time of her application [Tr. 31], and Lee never objected. Indeed, all of Lee's arguments presume that the laws of Kentucky govern the question of her marital status, and nowhere does she assert that the laws of another state should. [*See* R. 17]. Thus, the ALJ was correct when she concluded that Lee's marital status should be determined under the laws of Kentucky.

In Kentucky, "common law marriage" does not exist. *Pendleton v. Pendleton*, 531 S.W.2d 507, 509-10 (Ky. 1976) ("[I]n this state there is no such thing as a common-law marriage"); *see* Ky. Rev. Stat. § 402.020. In order to be valid, a marriage must be "solemnized or contracted in the presence of an authorized person or society." Ky. Rev. Stat. § 402.020(c). Nowhere in the record does Lee provide proof that this requirement was met or even allege that it was. Indeed, she acknowledges that it was not. [Tr. 55]. Instead, she argues only that she should receive WIB despite the fact that the statutory framework does not provide for it. This is not an argument the Court is willing, or even permitted, to endorse. Lee is clearly not entitled to WIB as the program is currently constructed.

### B.

Lee's second argument is a challenge to the program itself. More specifically, she is challenging the program's treatment of individuals who may be a common law wife in one state but not another.[1] Lee's challenge is fairly characterized as an Equal Protection challenge. The class of people she would purportedly belong to is those who would be considered married by common law in one state but not in the state in which they are domiciled. She takes umbrage with the fact that the statutory framework treats those in her class differently.

The very purpose of "laws" is to make distinctions among different classes, or groups, of people and to treat them differently based on those differences. Those that steal cars are treated differently under the law than those that do not. Those that have children are allowed certain tax benefits that those who do not are not permitted to enjoy. There is nothing unconstitutional or inherently unjust with making those types of distinctions. As the Supreme Court stated in *Romer*

---

[1] The Court notes that Lee did not provide any support for the proposition that she and Kendrick would meet the requirements for common law marriage in any state. Nonetheless, the

4

*v. Evans*, "[t]he Fourteenth Amendment's promise that no person should be denied the equal protection of the laws must coexist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." 517 U.S. 620, 631 (1996).

The significant question, then, when determining whether Equal Protection has been violated is whether the reason for the distinction rises to the level necessary to pass constitutional muster. Here, Lee certainly does belong to a distinct class of people, but she cannot assert that those people have ever been identified as a suspect or quasi-suspect class. As such, the necessary bar that the reasoning must pass is very low. The classification must be upheld "so long as it bears a rational relation to some legitimate end." *Id*. (citing *Heller v. Doe*, 509 U.S. 312, 319-20 (1993)).

The legitimate end, or "government interest" in this case is significant. Lee is more or less arguing against long-held principles of federalism and each state's right to define marriage within its borders. *Pinkhasov v. Petocz*, 331 S.W.3d 285, 291 (Ky. App. 2011) ("It is axiomatic that states have absolute jurisdiction over the regulation of the institution of marriage"); *see* 42 U.S.C. § 416(h)(1)(A)(i) (relying on state definitions of marriage); Silberman, Linda J., *Rethinking Rules of Conflict of Laws in Marriage and Divorce in the United States: What can we learn from Europe?*, 82 Tul. L. Rev. 1999, 2001 (2008) ("With respect to the question of the validity of a marriage in the United States, it is state law that determines the applicable law").

Federalism, along with comity, is one of the pillars of our constitutional government. Together, they are "a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will

---

Court will concede the point to Lee only for the purposes of the following discussion.

fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). Allowing states to define marriage is one of those functions left to each of the states. *Pinkhasov*, 331 S.W.3d at 291. Thus, it is certainly rational for the federal government's social security program to defer to the states' definitions of marriage insofar as doing so is essentially the operation of federalism. *Hall v. Comm'r of Soc. Sec.*, 2006 WL 3056518, *1-2 (E.D.N.Y. 2006) (examining SSA's deference to the states' right to define marriage before concluding that "a federal statute which incorporates state law resulting in the disparate treatment of individuals depending upon their state of residence [] does not violate equal protection"). Any other result would abrogate the states' power. Thus, the distinction made in the social security program does indeed satisfy rational basis review. While Lee will no doubt find this conclusion unsatisfactory, this is the natural result of classification by law. And when the test applied is rational basis review, "a law must be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group." *Romer v. Evans*, 517 U.S. 620, 632 (1996).

## IV.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

    1.    Plaintiff's Motion for Summary Judgment [R. 17] is **DENIED**;

    2.    Defendant's Motion for Summary Judgment [R. 18] is **GRANTED**;

    3.    Plaintiff's Motions for Judgment on the Pleadings [R. 21] and Review and Answer [R. 22] are **DENIED as moot**; and

    4.    **JUDGMENT** in favor of the Defendant will be entered contemporaneously

herewith.

This, the 15th day of March, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

7